*27*

*EX A-D*

Receipt Number
*38390*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

**BIC CORPORATION,**

<div style="margin-left:4em">Plaintiff,</div>

**v.**

**CAPITAL SALES COMPANY and SAM HADDAD d/b/a/ CAPITAL SALES COMPANY, JOHN DOE COMPANY and JOHN DOES 1-100,**

<div style="margin-left:6em">Defendants.</div>

Case: 2:06-cv-10267
Assigned To : Borman, Paul D
Referral Judge: Capel, Wallace
Assign. Date : 01/20/2006 @ 9:27 A.M.
Description: CMP BIC CORP V.
CAPITAL SALES CO., ET AL (TAM)

---

Thomas M. Peters (P23217)
Nancy A. Hensley (P43871)
**Attorneys for Plaintiff**
Vandeveer Garzia, P.C.
1450 W. Long Lake Road, Suite 100
Troy, Michigan 48098
248-312-2800
Fax: 248-267-1242
tmp-group@vgpclaw.com

---

## COMPLAINT AND JURY DEMAND FOR:

Importation of Infringing Goods Forbidden (15 U.S.C. §§ 1124, 1125(b))

Registered Trademark and Trade Dress Infringement and Counterfeiting
(15 U.S.C. §§ 1114, 1116, 1117)

Federal Trademark Dilution (15 U.S.C. § 1125(c))

False Designation of Origin (15 U.S.C. § 1125(a))

Michigan Consumer Protection Act (M.C.L. 445.904)

Unjust Enrichment Under Common Law

BIC Corporation ("BIC"), by its undersigned attorneys, as and for its Complaint

against defendants, Capital Sales Company, Sam Haddad d/b/a/ Capital Sales Company, John Doe Company and John Does 1-100, alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark and trade dress infringement under: Sections 42 and 43(b) of the Lanham Act, 15 U.S.C. §§ 1124 and 1125(b) (Importation of Goods Bearing Infringing Marks); Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1117 (Registered Trademark Infringement and Counterfeiting); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (Trademark Dilution in Violation of the Federal Trademark Dilution Act); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended (False Designation of Origin); Michigan Consumer Protection Act, M.C.L. 445.904; and Common Law Unjust Enrichment.

## THE PARTIES

2.      BIC is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Milford, Connecticut.

3.      Upon information and belief, Capital Sales Company is a business located at 1471 E. 9 Mile Road, Hazel Park, MI 48030.

4.      Upon information and belief, Sam Haddad is doing business as Capital Sales Company, with a place of business at 1471 E. 9 Mile Road, Hazel Park, Michigan 48030 with a telephone number of (248) 542-4400.

5.      A search of the records of Michigan Department of Labor & Economic Growth, Corporation Division and Oakland County Assumed Names failed to identify either Sam Haddad or Capital Sales Company as authorized to conduct business in the State of

2

Michigan.

6.      BIC is presently unaware of the true names and identities of defendants John Doe
Company and John Does 1-100, but is informed and believes that persons and entities in
addition to the specifically-named defendants are legally liable for matters alleged in this
Complaint.  BIC will amend or seek leave to amend this Complaint as appropriate to add
additional specific defendants upon determining the true names and identities of the "Doe"
defendants.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over BIC's claims under and pursuant to
28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367 and 15 U.S.C. § 1121.  The parties
are of diverse citizenship, and the amount in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs.  This matter arises, in part, under the laws of the
United States.

8.      This Court has personal jurisdiction over the defendants because the defendants
are located in Michigan, transact business in Michigan and have committed and
threatened to commit trademark and trade dress infringement, dilution, unfair competition,
and other torts in this judicial district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400
because, upon information and belief, the defendants are located in this judicial district, a
substantial part of the events giving rise to BIC's claims occurred in this judicial district,
and the defendants have committed acts of trademark infringement in this judicial district.

3

## PLAINTIFF'S RIGHTS IN AND TO ITS DISPOSABLE
## LIGHTER CONFIGURATION TRADEMARK

10.    Prior to the acts of defendants described in this Complaint, BIC adopted and continues to use as a trademark the distinctive three-dimensional configuration of disposable lighters which BIC manufactures and sells throughout the United States.

11.    BIC, the sole domestic manufacturer of disposable lighters, has a 30 year history of providing safe, reliable disposable lighters to millions of Americans.  Since 1974, BIC has been a market leader in the industry and has worked extensively with the United States Consumer Product Safety Commission ("CPSC") in the development and implementation of a national standard for enhanced child-resistant disposable lighters.  In the third quarter of 1985, BIC began a research and development program with the goal of improving the design of disposable lighters to further enhance child resistance.  Since then, BIC has spent in excess of $32 million in research and development, engineering, and the acquisition of intellectual property for enhanced child-resistant technology which has been incorporated into its disposable lighters sold in the United States.

12.    After the commencement of BIC's research and development program, BIC came to the conclusion that there should be a mandatory industry standard for child safety and began working directly with the American Society for Testing and Materials ("ASTM"), its lighter subcommittee, and the CPSC to develop a child-resistant lighter standard.

13.    All lighters manufactured in and imported into the United States by BIC since the CPSC regulation became effective in 1994 have included enhanced child-resistant technology, the third generation of which is comprised of a patented mechanism

4

incorporating a metal shield over the sparkwheel.

14.     BIC does not manufacture, import, or sell any disposable lighters in the United States that do not have enhanced child-resistant technology as required by U.S. law.

15.     By reason of more than 30 years of continuous and substantially exclusive use, as well as BIC's expenditure of tens of millions of dollars in advertising and promotion (including the nationally famous "Flick your BIC" advertising campaign), BIC's registered lighter configuration has come to be famous and to be recognized and relied upon as identifying BIC's products as high-quality and technologically advanced, and as distinguishing BIC's products from the products of others.  BIC's lighter configuration represents and symbolizes a vast and valuable goodwill belonging exclusively to BIC.

16.     BIC is the owner of numerous valid and subsisting federal trademark registrations in the United States, including U.S. Reg. No. 1,761,622, a registration for the three-dimensional configuration of its lighter.  A copy of this registration certificate is attached as Exhibit A.  BIC has engaged in the manufacture, sale, promotion, and distribution throughout the United States of disposable lighters embodying the three-dimensional configuration protected by BIC's federally registered trademark.  Reproductions of the specimens of BIC lighters are attached as Exhibit B.

## DEFENDANTS' UNLAWFUL ACTS

17.     The defendants, in common with the trade and the public, are well aware and, since long prior to their acts complained of herein, have been well aware of the BIC lighter configuration trademark and of the good will represented and symbolized by the trademark and that the trade and the public recognize and rely upon the trademark as identifying

5

BIC's goods and as distinguishing said goods from those of others.

18.    Upon information and belief, notwithstanding their aforesaid knowledge and indeed by reason of such knowledge, the defendants recently set upon a plan, scheme, and course of conduct to misappropriate BIC's rights in and to the lighter configuration trademark and to use said trademark to mislead and deceive the public into believing that defendants' goods are BIC's goods.   Specifically, the defendants have been and continue to be illegally importing into the United States, and distributing and/or selling within the United States disposable lighters which have a configuration that is identical to or substantially indistinguishable from BIC's registered lighter configuration trademark. A reproduction of a specimen of defendants' lighter configuration is attached hereto as Exhibit C.

19.    Upon information and belief, defendants' infringing lighters are manufactured in China and imported into the United States through one or more ports of entry. Attached hereto as Exhibit D is a copy of a photograph showing the name of J & D on the outside of a box of imported, infringing lighters.

20.    Defendants' lighter configuration is identical to or substantially indistinguishable from BIC's famous, federally registered lighter configuration trademark and constitutes a counterfeit of BIC's lighters.

21.    The offending lighters violate federal law in that they lack a child safety mechanism.

22.    The offending lighters have an adjustable flame height feature that violates ASTM standards and all known standards in that the flame height is unlimited and dangerous.

23.    The offending lighters are unsafe because they lack a warning label in violation of

ASTM standards.

24.     Defendants' use and threatened continued use of a counterfeit copy of BIC's

famous federally registered trademark is likely to cause confusion, to cause mistake and to

deceive as to the source, origin, or sponsorship of defendants' products, and is likely to

cause consumers to think defendants' lighters are manufactured, sponsored, licensed, or

approved by BIC.

25.     Defendants' infringing lighters are inferior to BIC's lighters in terms of safety, quality,

and durability.  This inferiority poses a danger to purchasers of defendants' lighters,

especially those who purchase defendants' lighters believing them to be the higher-quality,

more reliable BIC product.  Most consumers do not realize there is a child safety

mechanism on a BIC lighter.  They will not realize this offending lighter has no child safety

mechanism.

26.     Because the offending lighters are unsafe and because the general public will be

deceived into thinking they are buying the plaintiff BIC Corporation's lighters, the resulting

consequences and injuries will be attributed to the plaintiff BIC Corporation and its many

years of public goodwill and reputation will be irreparably damaged.

## COUNT I

### (Importation of Infringing Goods Forbidden – Sections 42 and 43(b))

27.     BIC repeats and realleges paragraphs 1 through 26 above.

28.     This count arises under §§ 42 and 43(b) of the Lanham Act (15 U.S.C. § 1124,

1125(b)).

29.     Defendants' importation of lighters is in violation of §§ 42 and 43(b) of the Lanham

7

Act (15 U.S.C. § 1124, 1125(b)).

30.     As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

31.     BIC has no adequate remedy at law.

## COUNT II

### (Registered Trademark Infringement and Counterfeiting – Sections 32, 34, and 35)

32.     BIC repeats and realleges paragraphs 1 through 31.

33.     This count arises under §§ 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114, 1116, and 1117).

34.     Defendants' willful use and threatened continued use of a lighter configuration identical or nearly identical to BIC's federally registered lighter configuration trademark constitutes use of a reproduction, counterfeit, copy, or colorable imitation of BIC's registered mark in connection with the sale, offering for sale, distribution, and advertising of goods.

35.     Defendants' activities are in violation of §§ 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114, 1116, and 1117).

36.     As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

37.     BIC has no adequate remedy at law.

## COUNT III

### (Federal Trademark Dilution – Section 43(c))

38.   BIC repeats and realleges paragraphs 1 through 37.

39.   This count arises under §§ 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

40.   BIC's federally registered lighter configuration has become famous by reason of its continuous use and advertising and marketing by BIC for more than 30 years.

41.   Defendants' willful use and threatened continued use of a lighter configuration identical or nearly identical to BIC's federally registered lighter configuration is likely to dilute the distinctive quality of BIC's famous lighter configuration.

42.   Defendants' activities are in violation of § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

43.   As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

44.   BIC has no adequate remedy at law.

## COUNT IV

### (False Designation of Origin – Section 43(a))

45.   BIC repeats and realleges paragraphs 1 through 44.

46.   This count arises under §§ 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

47.   Defendants' willful use and threatened continued use of a lighter configuration identical or nearly identical to BIC's lighter configuration trademarks constitutes a false designation of origin and a false description and representation of defendants' business

9

and products.

48.     Defendants' activities are in violation of § 43(a) of the Lanham Act (15 U.S.C. §
1125(c)).

49.     As a direct and proximate result of defendants' illegal activities, BIC has suffered
and will continue to suffer damages in an amount presently unknown and to be
ascertained at the time of trial.

50.     BIC has no adequate remedy at law.

## COUNT V

### (Trade Dress Infringement – Section 43)

51.     BIC repeats and realleges paragraphs 1 through 50.

52.     Consumers purchase disposable lighters, like the famous BIC lighters, for their
intended use, that is, production of a flame from the ignition of flammable butane
contained within the reservoir of the lighter.

53.     The operation of a disposable lighter is not necessarily dependant on its relative
dimensions or on its overall shape or configuration or on the relative dimensions, shape
and configuration of its component parts such as the reservoir or section of the lighter
containing the flammable butane.

54.     Functional disposable butane lighters can be produced in a number of different
sizes and shapes utilizing a number of relative dimensions, shapes and configurations
for their component parts.

55.     For more than 30 years, BIC has continuously and aggressively advertised,
promoted and marketed its disposable lighters expending large sums of money for

10

those purposes and generating, as a result of those efforts, extensive goodwill and unique recognition in the marketplace.

56.    The size, shape, relative dimensions and overall look of the famous BIC lighter, that is, an oblong body that is elliptical in cross-section; a fork which is generally parabolic in cross-section; and a hood which is generally parabolic in cross-section is inherently distinctive such that any consumer who observes a disposable lighter with the same size, shape, configuration, relative dimensions and overall look will immediately think that it is a BIC lighter.

57.    The size, shape, configuration, relative dimensions and overall look of the famous BIC disposable lighter, especially that part of the lighter that contains its fuel, is arbitrary, fanciful, inherently distinctive and not functional.

58.    The size, shape, configuration, relative dimensions and overall look of the famous BIC lighter constitute its trade dress.

59.    The defendants have infringed on BIC's trade dress by advertising, marketing, selling and distributing disposable lighters that have the same shape, configuration, relative dimensions and overall look of the famous BIC lighters.

60.    Consumers who might inadvertently purchase the cheap, inferior, unsafe, knock-off disposable lighters advertised, marketed and sold by the defendants will be deceived and misled into believing that they were purchasing a superior, safe and quality BIC product.

61.    The defendants' actions have resulted and will result in the future in a dilution of BIC's trade dress to the point where BIC has been irreparably harmed.

62.     As a direct and proximate result of the defendants' actions BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained before or at the time of trial.

63.     BIC has no adequate remedy at law.

## COUNT VI

### (Michigan Consumer Protection Act – M.C.L. 445.904)

64.     BIC repeats and realleges paragraphs 1 through 63.

65.     Mich. Comp. Laws section 445.903 defines "unfair trade practice" to include:

a.  causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services [MCL 445.903(a)].

b.  failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer [MCL 445.903(s)].

c.  making a representation of fact or statement of fact material to the transaction such that a person reasonably believes that the represented or suggested state of affairs to be other than it actually is [MCL 445.903(bb)].

d.  failing to reveal facts that are material to the transaction in light of the representations of fact made in a positive manner [MCL 445.903(cc)].

66.     Mich. Comp. Laws section 445. 911 provides that in addition to an action for damages, an aggrieved person is entitled to obtain declaratory and injunctive relief.

67.     Defendants' acts contravene the rights defined in the statute cited above by passing off goods that were not manufactured by BIC in a manner that simulates BIC's

lighter configuration trademarks and trade dress.  These acts are calculated to deceive the public as to the source of the goods, and mislead the public into a belief that the source of the goods is BIC.

68.     The identity of the manufacturer of lighters is a material fact because it affects the decision of a member of the public with respect to which lighter to buy.

69.     The actions of defendants cause BIC Corporation lost revenue and damage BIC's business reputation by causing the public to believe that defendant's products are BIC products, at a minimum.  Because the offending lighters are unsafe, the damages could be much worse.

70.     BIC has no adequate remedy at law.

## COUNT VII

### (Unjust Enrichment)

71.     BIC repeats and realleges paragraphs 1 through 70.

72.     Under Michigan common law, defendant has been unjustly enriched, in that defendant's use of a lighter configuration identical or nearly identical to BIC's lighter configuration trademarks and trade dress has led to an increase of sales by defendant and a consequent loss of sales by BIC.

73.     BIC has no adequate remedy at law.

WHEREFORE, BIC prays that the Court:

(a)     declare, adjudge, and decree that defendants' use of a copy, reproduction, counterfeit, simulation, or colorable imitation of BIC's lighter configuration trademark constitutes: importation of infringing goods; registered trademark infringement and

13

counterfeiting; federal trademark dilution; false designation of origin; consumer protection violations; and unjust enrichment;

(b)     temporarily, preliminarily, and permanently enjoin and restrain defendants, their officers, directors, servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with defendants from:

i. misrepresenting in any way the source of origin or the nature or quality of defendants' counterfeit lighters (i.e., Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

ii. manufacturing, importing, using, distributing, shipping, licensing, selling, offering to sell, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of defendants' counterfeit lighters (i.e., Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

iii. disposing of, destroying, moving, relocating or transferring any and all of defendants' counterfeit lighters, as well as packaging and other items including advertising, promotion, drawings, transfers, brochures, catalogs, stationery, business forms, business cards, labels, stickers, etc., relating to defendants' counterfeit lighters (i.e., Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

iv. disposing of, destroying, moving, relocating or transferring any means for making labels, stickers, packages, cartridges or other items relating to defendants' counterfeit lighters, or any packaging, cartridges, labels, stickers, stationery, business forms, and business cards relating to defendants' counterfeit lighters or

14

markings, including art work, screens, printing plates, dies, matrices, decals and any other equipment (i.e., Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D"); and

v. disposing of, destroying, moving, relocating or transferring any documents pertaining to the importation, sale, offer for sale, receipt, promotion, advertising, distribution, and/or shipment of defendants' counterfeit lighters (i.e., Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

(c)     order defendants to recall any and all products and materials bearing, copying, reproducing, counterfeiting, or simulating BIC's lighter configuration trademarks or a colorable imitation thereof (i.e., Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

(d)     order each defendant to file with this Court and serve upon plaintiff within 30 days of being served with this Court's injunction issued in this action, a written report signed by each such defendant under oath, setting forth in detail the manner in which each such defendant complied with the injunction;

(e)     provide BIC with expedited discovery;

(f)     award BIC compensatory damages as provided by law;

(g)     award BIC statutory damages as provided by law;

(h)     award BIC treble damages as provided by law;

(i)     award BIC punitive damages as provided by law;

(j)     award BIC restitution as provided by law;

(k)     order defendants to account to BIC for all profits from their infringement of BIC's

15

trademarks;

(l)     award BIC its costs, disbursements, and attorneys' fees incurred in bringing this

action;

(m)     award BIC prejudgment interest as provided by law; and

(n)     award BIC such other and further relief as this Court may deem just and proper.

VANDEVEER GARZIA, P.C.

By: _____

Thomas M. Peters (P23217)
Nancy A. Hensley (P43871)
Attorneys for Plaintiff
1450 W. Long Lake Road, Suite 100
Troy, Michigan  48098
248-312-2800
Fax:  248-267-1242
**tmp-group@vgpclaw.com**

Dated:  January 19, 2006

## JURY DEMAND

This Plaintiff demands a trial by jury of the within cause.

VANDEVEER GARZIA, P.C.

BY: _____

THOMAS M. PETERS (P23217)
NANCY A. HENSLEY (P43871)
Attorneys for Plaintiff
1450 W. Long Lake Road, Suite 100
Troy, MI  48098
(248) 312-2800

DATED: January 19, 2006







Int. Cl.: 34

Prior U.S. Cl.: 8

**Reg. No. 1,761,622**

# United States Patent and Trademark Office   Registered Mar. 30, 1993

## TRADEMARK
## PRINCIPAL REGISTER



BIC CORPORATION (NEW YORK CORPORA-
TION)
500 BIC DRIVE
MILFORD, CT 06460

FOR: CIGARETTE LIGHTERS NOT MADE
OF PRECIOUS METAL, IN CLASS 34 (U.S. CL.
8).

FIRST USE 10-25-1973; IN COMMERCE
10-25-1973.

THE LINING SHOWN IN THE DRAWING IS
FOR SHADING PURPOSES ONLY AND IS NOT
A FEATURE OF THE MARK.

THE DRAWING SHOWS A LIGHTER
HAVING AN OBLONG BODY WHICH IS EL-
LIPTICAL IN CROSS-SECTION; A FORK
WHICH IS GENERALLY PARABOLIC IN
CROSS-SECTION; AND A HOOD WHICH IS
GENERALLY PARABOLIC IN CROSS-SEC-
TION.

SEC. 2(F).

SER. NO. 73–808,159, FILED 6-21-1989.

CRAIG K. MORRIS, EXAMINING ATTORNEY









JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose OAKLAND COUNTY, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BIC CORPORATION

**DEFENDANTS**

CAPITAL SALES COMPANY AND SAM HADDAD D/B/A CAPITAL SALES COMPANY, JOHN DOE COMPANY AND JOHN DOES 1-100

**(b)** County of Residence of First Listed Plaintiff  MILFORD, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   OAKLAND COUNTY, MI
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

88888

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

THOMAS M. PETERS (P23217) VANDEVEER GARZIA
1450 W. LONG LAKE ROAD, #100, TROY MI 48098 (248) 312-2800

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Select One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN   (Select One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1124, 1125(B),1114, 116, 1117

Brief description of cause:
PLAINTIFF SEEKS INJUNCTIVE RELIEF, SEIZURE ORDER AND CIVIL DAMAGES.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
1-19-06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                      ☐ Yes

                                                                                    ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :