# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

BIC CORPORATION,

           Plaintiff,           CASE NO.:  2:06-cv-10267

v.           HONORABLE PAUL D. BORMAN

CAPITAL SALES COMPANY, SAM
HADDAD, NADER ENTERPRISES, INC.,
RAMI NADER and FADI ZAHARN,
Individually and doing business as
J & D Enterprises, JOHN DOE COMPANY
and JOHN DOES 1-100,

           Defendants.

_____

Thomas M. Peters (P23217)
Nancy A. Hensley (P43871)
Attorneys for Plaintiff
Vandeveer Garzia, P.C.
1450 W. Long Lake Road, Suite 100
Troy, Michigan  48098
248-312-2800
Fax:  248-267-1242
tmp-group@vgpclaw.com

_____

## FIRST AMENDED COMPLAINT AND JURY DEMAND:

Importation of Infringing Goods Forbidden (15 U.S.C. §§ 1124, 1125(b))

Registered Trademark and Trade Dress Infringement and Counterfeiting
(15 U.S.C. §§ 1114, 1116, 1117)

Federal Trademark Dilution (15 U.S.C. § 1125(c))

False Designation of Origin (15 U.S.C. § 1125(a))

Michigan Trademark Infringement (M.C.L. 429.42 and 43)

Michigan Consumer Protection Act (M.C.L. 445.904)

Unjust Enrichment Under Common Law

1

BIC Corporation ("BIC"), by its undersigned attorneys, as and for its Amended Complaint against Defendants, CAPITAL SALES COMPANY, SAM HADDAD, NADER ENTERPRISES, INC., RAMI NADER and FADI ZAHARN, Individually and doing business as J & D ENTERPRISES, JOHN DOE COMPANY and JOHN DOES 1-100, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark and trade dress infringement under: Sections 42 and 43(b) of the Lanham Act, 15 U.S.C. §§ 1124 and 1125(b) (Importation of Goods Bearing Infringing Marks); Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1117 (Registered Trademark Infringement and Counterfeiting); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (Trademark Dilution in Violation of the Federal Trademark Dilution Act); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended (False Designation of Origin); Michigan Consumer Protection Act, M.C.L. 445.904; and Common Law Unjust Enrichment.

## THE PARTIES

2. BIC is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Milford, Connecticut.

3. Upon information and belief, Sam Haddad is doing business individually and as Capital Sales Company, with a place of business at 1471 E. 9 Mile Road, Hazel Park, Michigan 48030 with a telephone number of (248) 542-4400.

4. Upon information and belief, Capital Sales Company is an Ohio corporation with its

2

principal place of business at 1471 E. 9 Mile Road, Hazel Park, Michigan 48030.

5. A search of the records of Michigan Department of Labor & Economic Growth, Corporation Division and Oakland County Assumed Names failed to identify either Sam Haddad or Capital Sales Company as authorized to conduct business in the State of Michigan.

6. Upon information and belief, Nader Enterprises, Inc. is an Ohio corporation with its principal place of business located at 530 S. Dock Street, Sharon, Pennsylvania 16146.

7. Upon information and belief, Rami Nader and Fadi Zaharn are doing business at 530 S. Dock Street, Sharon, Pennsylvania 16146 (724) 342-7978.

8. That a search of the records of the Pennsylvania Department of State failed to identify Rami Nader, Fadi Zaharn or Nader Enterprises, Inc. as authorized to conduct business in the State of Pennsylvania.

9. Upon information and belief, Rami Nader and Fadi Zaharn are doing business as J & D Enterprises with a place of business at 530 S. Dock Street, Sharon, Pennsylvania 16146 (724) 342-7978.

10. That a search of the records of the Pennsylvania Department of State failed to identify either Rami Nader or Fadi Zaharn as authorized to conduct business as J & D Enterprises in the State of Pennsylvania.

11. BIC is presently unaware of the true names and identities of defendants John Doe Company and John Does 1-100, but is informed and believes that persons and entities in addition to the specifically-named defendants are legally liable for matters alleged in this Complaint. BIC will amend or seek leave to amend this Complaint as appropriate to add

additional specific defendants upon determining the true names and identities of the "Doe" defendants.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over BIC's claims under and pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367 and 15 U.S.C. § 1121.  The parties are of diverse citizenship, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This matter arises, in part, under the laws of the United States.

13.     This Court has personal jurisdiction over the defendants because Capital Sales Company is located in Michigan, transacts business in Michigan and has committed and threatened to commit trademark and trade dress infringement, dilution, unfair competition, and other torts in this judicial district.  The Court has personal jurisdiction over Defendants Nader Enterprises, Inc., Rami Nader and Fadi Zaharn individually and doing business as J & D Enterprises, because these defendants are located in the State of Pennsylvania but have transacted a significant, continuous and systematic portion of their general business in the State of Michigan and have committed and threatened to commit trademark and trade dress infringement, dilution, unfair competition, and other torts in this judicial district. See the attached **Exhibit E**, a copy of the sales invoices for the sale of certain products involved in this litigation from Nader Enterprises to Capital Sales Company and a copy of the entry summary from U.S. Customs Services showing Nader Enterprises, Inc., doing business as J&D Enterprises at 530 S. Dock Street, Sharon, Pennsylvania regarding 632 cartons of the products (lighters) that are the subject of this case.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the defendants are located in this judicial district, a substantial part of the events giving rise to BIC's claims occurred in this judicial district, and the defendants have committed acts of trademark infringement in this judicial district.

## PLAINTIFF'S RIGHTS IN AND TO ITS DISPOABLE LIGHTER CONFIGURATION TRADEMARKS

15.     Prior to the acts of defendants described in this Complaint, BIC adopted and continues to use as a trademark the distinctive three-dimensional configuration of disposable lighters which BIC manufactures and sells throughout the United States.

16.     BIC, the sole domestic manufacturer of disposable lighters, has a 30 year history of providing safe, reliable disposable lighters to millions of Americans.  Since 1974, BIC has been a market leader in the industry and has worked extensively with the United States Consumer Product Safety Commission ("CPSC") in the development and implementation of a national standard for enhanced child-resistant disposable lighters.  In the third quarter of 1985, BIC began a research and development program with the goal of improving the design of disposable lighters to further enhance child resistance.  Since then, BIC has spent in excess of $32 million dollars in research and development, engineering, and the acquisition of intellectual property for enhanced child-resistant technology which has been incorporated into its disposable lighters sold in the United States.

17.     After the commencement of BIC's research and development program, BIC came to the conclusion that there should be a mandatory industry standard for child safety and began working directly with the American Society for Testing and Materials ("ASTM"), its

lighter subcommittee, and the CPSC to develop a child-resistant lighter standard.

18.     All lighters manufactured in and imported into the United States by BIC since the CPSC regulation became effective in 1994 have included enhanced child-resistant technology, the third generation of which is comprised of a patented mechanism incorporating a metal shield over the sparkwheel.

19.     BIC does not manufacture, import, or sell any disposable lighters in the United States that do not have enhanced child-resistant technology as required by U.S. law.

20.     By reason of more than 30 years of continuous and substantially exclusive use, as well as BIC's expenditure of tens of millions of dollars in advertising and promotion (including the nationally famous "Flick your BIC" advertising campaign), BIC's registered lighter configuration has come to be famous and to be recognized and relied upon as identifying BIC's products as high-quality and technologically advanced, and as distinguishing BIC's products as from the products of others.  BIC's lighter configuration represents and symbolizes a vast and valuable goodwill belonging exclusively to BIC.

21.     BIC is the owner of numerous valid and subsisting federal trademark registrations in the United States, including U.S. Reg. No. 1,761,622, a registration for the three-dimensional configuration of its lighter.  A copy of this registration certificate is attached as **Exhibit A**.  BIC has engaged in the manufacture, sale, promotion, and distribution throughout the United States of disposable lighters embodying the three-dimensional configuration protected by BIC's federally registered trademarks.  A reproduction of a specimen of a BIC lighter is attached as **Exhibit B**.

**DEFENDANTS' UNLAWFUL ACTS**

22.     The defendants, in common with the trade and the public, are well aware and, since long prior to their acts complained of herein, have been well aware of the BIC lighter configuration trademark and of the good will represented and symbolized by the trademark and that the trade and the public recognize and rely upon the trademark as identifying BIC's goods and as distinguishing said goods from those of others.

23.     Upon information and belief, notwithstanding their aforesaid knowledge and indeed by reason of such knowledge, the defendants recently set upon a plan, scheme, and course of conduct to misappropriate BIC's rights in and to the lighter configuration trademark and to use said trademark to mislead and deceive the public into believing that defendants' goods are BIC's goods.   Specifically, the defendants have been and continue to be illegally importing/distributing into the United States, and distributing, advertising for sale and/or selling within the United States disposable lighters which have a configuration that is identical to or substantially indistinguishable from BIC's registered lighter configuration trademark.  A reproduction of a specimen of defendants' lighter configuration is attached hereto as **Exhibit C**.

24.     Upon information and belief, defendants' infringing lighters are manufactured in China and imported into the United States through one or more ports of entry.  Attached hereto as **Exhibit D** is a copy of a photograph showing the name of J & D on the outside of a box of imported, infringing lighters.

25.     Defendants' lighter configuration is identical to or substantially indistinguishable from BIC's famous, federally registered lighter configuration trademark and constitutes a

counterfeit of BIC's lighters.

26.     The offending lighters violate federal law in that they lack a child safety mechanism.

27.     The offending lighters have an adjustable flame height feature that violates ASTM standards and all known standards in that the flame height is unlimited and dangerous.

28.     The offending lighters are unsafe because they lack a warning label in violation of ASTM standards.

29.     Defendants' use and threatened continued use of a counterfeit copy of BIC's famous federally registered trademark is likely to cause confusion, to cause mistake and to deceive as to the source, origin, or sponsorship of defendants' products, and is likely to cause consumers to think defendants' lighters are manufactured, sponsored, licensed, or approved by BIC.

30.     Defendants' infringing lighters are inferior to BIC's lighters in terms of safety, quality, and durability.  This inferiority poses a danger to purchasers of defendants' lighters, especially those who purchase defendants' lighters believing them to be the higher-quality, more reliable BIC product.  Most consumers do not realize there is a child safety mechanism on a BIC lighter.  They will not realize this offending lighter has NO child safety mechanism.

31.     Because the offending lighters are unsafe and because the general public will be deceived into thinking they are buying the Plaintiff BIC Corporation's lighters, the resulting consequences and injuries will be attributed to the Plaintiff BIC Corporation and its many years of public goodwill and reputation will be irreparably damaged.

## COUNT I

### (Importation of Infringing Goods Forbidden – Sections 42 and 43(b))

32. BIC repeats and realleges paragraphs 1 through 31 above.

33. This count arises under §§ 42 and 43(b) of the Lanham Act (15 U.S.C. § 1124, 1125(b)).

34. Defendants' importation of lighters is in violation of §§ 42 and 43(b) of the Lanham Act (15 U.S.C. § 1124, 1125(b)).

35. As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

36. BIC has no adequate remedy at law.

### **COUNT II**

### (Registered Trademark Infringement and Counterfeiting – Sections 32, 34, and 35)

37. BIC repeats and realleges paragraphs 1 through 36.

38. This count arises under §§ 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114, 1116, and 1117).

39. Defendants' willful use and threatened continued use of a lighter configuration identical or nearly identical to BIC's federally registered lighter configuration trademark constitutes use of a reproduction, counterfeit, copy, or colorable imitation of BIC's registered mark in connection with the sale, offering for sale, distribution, and advertising of goods.

40. Defendants' activities are in violation of §§ 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114, 1116, and 1117).

41. As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

42. BIC has no adequate remedy at law.

## COUNT III

### (Federal Trademark Dilution – Section 43(c))

43. BIC repeats and realleges paragraphs 1 through 42.

44. This count arises under §§ 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

45. BIC's federally registered lighter configuration has become famous by reason of its continuous use and advertising and marketing by BIC for more than 30 years.

46. Defendants' willful use and threatened continued use of a lighter configuration identical or nearly identical to BIC's federally registered lighter configuration is likely to dilute the distinctive quality of BIC's famous lighter configuration.

47. Defendants' activities are in violation of § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

48. As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

49. BIC has no adequate remedy at law.

## COUNT IV

### (False Designation of Origin – Section 43(a))

50. BIC repeats and realleges paragraphs 1 through 48.

51.   This count arises under §§ 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

52.   Defendants' willful use and threatened continued use of a lighter configuration identical or nearly identical to BIC's lighter configuration trademarks constitutes a false designation of origin and a false description and representation of defendants' business and products.

53.   Defendants' activities are in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(c)).

54.   As a direct and proximate result of defendants' illegal activities, BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

55.   BIC has no adequate remedy at law.

## COUNT V

### (Trade Dress Infringement – Section 43)

56.   BIC repeats and realleges paragraphs 1 through 55.

57.   Consumers purchase disposable lighters, like the famous BIC lighters, for their intended use, that is, production of a flame from the ignition of flammable butane contained within the reservoir or part of the body of the lighter.

58.   The operation of a disposable lighter is not necessarily dependant on its relative dimensions or on its overall shape or configuration or on the relative dimensions, shape and configuration of its component parts such as the reservoir or section of the lighter containing the flammable butane.

59.   Functional disposable butane lighters can be produced in a number of different

sizes and shapes utilizing a number of relative dimensions, shapes and configurations for their component parts.

60.     For more than 30 years, BIC has continuously and aggressively advertised, promoted and marketed its disposable lighters expending large sums of money for those purposes and generating, as a result of those efforts, extensive good will and unique recognition in the market place.

61.     The size, shape, relative dimensions and overall look of the famous BIC lighter, that is, an oblong body that is elliptical in cross-section; a fork which is generally parabolic in cross section; and a hood which is generally parabolic in cross-section is inherently distinctive such that any consumer who observes a disposable lighter with the same size, shape, configuration, relative dimensions and overall look will immediately think that it is a BIC lighter.

62.     The size, shape, configuration, relative dimensions and overall look of the famous BIC disposable lighter, especially that part of the lighter that contains its fuel, is arbitrary, fanciful, inherently distinctive and not functional.

63.     The size, shape, configuration, relative dimensions and overall look of the famous BIC lighter constitute its trade dress.

64.     The Defendants have infringed on BIC's trade dress by importing, advertising, marketing, selling and distributing disposable lighters that have the same shape, configuration, relative dimensions and overall look of the famous BIC lighters.

65.     Consumers who might inadvertently purchase the cheap, inferior, unsafe, knock-off disposable lighters advertised, marketed and sold by the defendants will be deceived

and misled into believing that they were purchasing a superior, safe and quality BIC product.

66. The Defendants' actions have resulted and will result in the future in a dilution of BIC's trade dress to the point where BIC has been irreparably harmed.

67. As a direct and proximate result of the defendants' actions BIC has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained before or at the time of trial.

68. BIC has no adequate remedy at law.

## COUNT VI

### (Michigan Consumer Protection Act – M.C.L. 445.904)

69. BIC repeats and realleges paragraphs 1 through 68.

70. Mich. Comp. Laws section 445.903 defines "unfair trade practice" to include:

a. causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services [MCL 445.903(a)].

b. failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer [MCL 445.903(s)].

c. making a representation of fact or statement of fact material to the transaction such that a person reasonably believes that the represented or suggested state of affairs to be other than it actually is [MCL 445.903(bb)].

d. failing to reveal facts that are material to the transaction in light of the representations of fact made in a positive manner [MCL 445.903(cc)].

71. Mich. Comp. Laws section 445. 911 provides that in addition to an action for damages, an aggrieved person is entitled to obtain declaratory and injunctive relief.

72. Defendants' acts contravene the rights defined in the statute cited above by passing off goods that were not manufactured by BIC in a manner that simulates BIC's lighter configuration trademarks and trade dress. These acts are calculated to deceive the public as to the source of the goods, and mislead the public into a belief that the source of the goods is BIC.

73. The identity of the manufacturer of lighters is a material fact because it affects the decision of a member of the public with respect to which lighter to buy.

74. The actions of defendants cause BIC Corporation lost revenue and damage BIC's business reputation by causing the public to believe that defendant's products are BIC products, at a minimum. Because the offending lighters are unsafe, the damages could be much worse.

75. BIC has no adequate remedy at law.

## COUNT VII

### (Unjust Enrichment)

76. BIC repeats and realleges paragraphs 1 through 75.

77. Under Michigan common law, defendant has been unjustly enriched, in that defendant's use of a lighter configuration identical or nearly identical to BIC's lighter configuration trademarks and trade dress has led to an increase of sale by defendant and a consequent loss of sales by BIC.

78. BIC has no adequate remedy at law.

WHEREFORE, BIC prays that the Court:

(a) declare, adjudge, and decree that defendants' use of a copy, reproduction, counterfeit, simulation, or colorable imitation of BIC's lighter configuration trademark constitutes: importation of infringing goods; registered trademark infringement and counterfeiting; federal trademark dilution; false designation of origin; Michigan trademark infringement; consumer protection violations; and unjust enrichment;

(b) temporarily, preliminarily, and permanently enjoin and restrain defendants, their officers, directors, servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with defendants from:

i. misrepresenting in any way the source of origin or the nature or quality of defendants' counterfeit lighters (i.e. Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

ii. manufacturing, importing, using, distributing, shipping, licensing, selling, offering to sell, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of defendants' counterfeit lighters (i.e. Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

iii. disposing of, destroying, moving, relocating or transferring any and all of defendants' counterfeit lighters, as well as packaging and other items including advertising, promotion, drawings, transfers, brochures, catalogs, stationery, business forms, business cards, labels, stickers, etc. relating to defendants' counterfeit lighters (i.e. Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

    iv.  disposing of, destroying, moving, relocating or transferring any means for making labels, stickers, packages, cartridges or other items relating to defendants' counterfeit lighters, or any packaging, cartridges, labels, stickers, stationery, business forms, and business cards relating to defendants' counterfeit lighters or markings, including art work, screens, printing plates, dies, matrices, decals and any other equipment (i.e. Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D"); and

    v.  disposing of, destroying, moving, relocating or transferring any documents pertaining to the importation, sale, receipt, promotion, advertising, distribution, and/or shipment of defendants' counterfeit lighters (i.e. Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

(c)    order defendants to recall any and all products and materials bearing, copying, reproducing, counterfeiting, or simulating BIC's lighter configuration trademarks or a colorable imitation thereof (i.e. Capital Sales Company product 0785A, 0785B, A. C. lighters marked "J&D");

(d)    order each defendant to file with this Court and serve upon plaintiff within 30 days of being served with this Court's injunction issued in this action, a written report signed by each such defendant under oath, setting forth in detail the manner in which each such defendant complied with the injunction;

(e)    provide Plaintiff with expedited discovery;

(f)    award BIC compensatory damages as provided by law;

(g)    award BIC statutory damages as provided by law;

(h) award BIC treble damages as provided by law;

(i) award BIC punitive damages as provided by law;

(j) award BIC restitution as provided by law;

(k) order defendants to account to BIC for all profits from their infringement of BIC's trademarks;

(l) award BIC its costs, disbursements, and attorneys' fees incurred in bringing this action;

(m) award BIC prejudgment interest as provided by law; and

(n) award BIC such other and further relief as this Court may deem just and proper.

                      VANDEVEER GARZIA, P.C.

                      s/Thomas M. Peters
                      Thomas M. Peters (P23217)
                      Nancy A. Hensley (P43871)
                      Attorneys for Plaintiff
                      1450 W. Long Lake Road, Suite 100
                      Troy, Michigan  48098
                      248-312-2800
                      Fax:  248-267-1242
                      tmp-group@vgpclaw.com

Dated:  January 26, 2006

## RELIANCE ON JURY DEMAND

The plaintiff hereby relies on their previously requested demand for a trial by jury of the within cause.

                                      VANDEVEER GARZIA, P.C.

                                      s/Thomas M. Peters
                                      THOMAS M. PETERS (P23217)
                                      NANCY A. HENSLEY (P43871)
                                      Attorneys for Plaintiff
                                      1450 W. Long Lake Road, Suite 100
                                      Troy, MI  48098
DATED: January 31, 2006            (248) 312-2800