# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

BIC CORPORATION,

        Plaintiff,

v.

CAPITAL SALES COMPANY, SAM HADDAD, NADER ENTERPRISES, INC., RAMI NADER and FADI ZAHARN, Individually and doing business as J & D ENTERPRISES, INC., HUANQIU LIGHTERS MANUFACTURING. CO, LTD., ASIAPAC DEVELOPMENT CO., LTD., ASIAPAC GROUP, JOHN DOE COMPANY and JOHN DOES 1-100,

        Defendants.

CASE NO.: 2:06-cv-10267

HONORABLE PAUL D. BORMAN

**FINAL JUDGMENT AS TO THE CAPITAL DEFENDANTS AND THE J&D DEFENDANTS AND PERMANENT INJUNCTION**

---

Thomas M. Peters (P23217)
Nancy A. Hensley (P43871)
Attorneys for Plaintiff
Vandeveer Garzia, P.C.
1450 W. Long Lake Road, Suite 100
Troy, Michigan 48098
248-312-2800
Fax: 248-267-1242
tmp-group@vgpclaw.com

ALEX N. SALEH (P56756)
MICHAEL E. JONES (P67645)
Attorneys for Zaharn, Nader and J&D
921 Howard Street, Suite One
Dearborn, MI 48124
(313) 724-8080
mjones@salehlegal.com

Moheeb H. Murray (P63893)
Attorney for Capital/Haddad
3001 W. Big Beaver Road
Suite 600
Troy, MI 48084
(248) 822-7800
Fax: 248-822-7001
murray@bskplaw.com

### FINAL JUDGMENT AS TO THE CAPITAL DEFENDANTS AND THE J&D DEFENDANTS AND PERMANENT INJUNCTION

### INTRODUCTION

Plaintiff BIC Corporation ("BIC") brought this action against defendants Capital Sales Company ("Capital"), Sam Haddad ("Haddad"), Nader Enterprises, Inc. ("Nader Enterprises"), J & D Enterprises, Inc. ("J&D"), Rami Nader ("Nader"), Fadi Zaharn ("Zaharn"), Individually and doing business as J & D Enterprises, Inc. (collectively, the "Defendants"). Capital and Haddad are described as the "Capital Defendants" in this Final Judgment and Permanent Injunction. Nader Enterprises, Nader, Zaharn and J&D are described as the "J&D Defendants" in this Final Judgment and Permanent Injunction.

BIC brought this action against the Defendants to permanently enjoin the Defendants from:

I. manufacturing, importing, advertising, offering for sale, selling, shipping, distributing or placing into the stream of commerce certain lighters that use, display, incorporate or embody the inherently distinctive trade dress and shape of BIC Corporation lighters or that use any confusingly similar trademark, shape or trade dress; and

II. importing, manufacturing, advertising, offering for sale, selling, shipping, distributing or placing into the stream of commerce lighters that use, display, incorporate or embody BIC Corporation's federally-registered trademark in the BIC lighter, or any confusingly similar variation thereof.

In this case, BIC alleges that the Defendants imported, manufactured, advertised for sale, sold, offered to sell, distributed or otherwise placed into the stream of commerce

2

lighters that knock off and misappropriate the trade dress or shape of BIC lighters, that infringe and dilute BIC's trade dress and that infringe and dilute BIC's federally-registered trademark in its lighters. BIC asserts claims for federal trademark and trade dress dilution, federal trademark infringement, false designation of origin or sponsorship, false advertising, counterfeiting, illegal importation of infringing goods and trade dress infringement under Sections 32, 34, 35, 42, 43(a), 43(b), and 43 (c) of the United States Trademark Act of 1946, as amended (the Lanham Act), 15 USC §§ 1114, 1116, 1117, 1124, 1125(a), 1125(b), and 1125(c), trademark infringement under common law, violations of the Michigan Consumer Protection Act, MCLA 445.904, and unjust enrichment.

BIC claims that it is entitled to damages, including compensatory damages, statutory damages, punitive damages, costs, interest and attorneys' fees. In addition, BIC is requesting equitable and similar forms of relief including a permanent injunction to enjoin the defendants from manufacturing, advertising, selling, marketing, distributing, importing, warehousing, holding, displaying, shipping, licensing, delivering or otherwise marketing or disposing of certain disposal lighters that use, display, incorporate or otherwise embody the inherently distinctive trademark, trade dress and shape of BIC lighters including, but not limited to, products or lighters that copy or infringe the BIC trademark registered on the principal register in the United States Patent and Trademark office under registration number 1,761,622 (the "infringing lighters").

In this case BIC has applied for and obtained a Preliminary Injunction enjoining

the Defendants from importing, marketing, distributing, selling, advertising and otherwise offering for sale the infringing lighters.

Therefore, the Defendants, CAPITAL SALES COMPANY, SAM HADDAD, NADER ENTERPRISES, INC., J & D ENTERPRISES, INC., RAMI NADER and FADI ZAHARN, Individually and doing business as J & D Enterprises, Inc., stipulate to the following findings of fact and conclusions of law and consent to the entry of this Final Judgment and Permanent Injunction as set forth below. Defendants, HUANQUI LIGHTERS MANUFACTURING CO. LTD., ASIAPAC DEVELOPMENT LTD., and ASIAPAC GROUP, have not consented to this Final Judgment and Permanent Injunction but are bound and held to it by order of this Court because there has been a default judgment entered against them for failure to make a timely response to the complaints filed by BIC in this case.

Accordingly, the Court finds and determines the following:

## FINDINGS OF FACT

A.    BIC is a corporation currently organized and existing under the laws of the State of Connecticut, formerly organized and existing under the laws of the State of New York, with its principal place of business in Milford, Connecticut.

B.    Capital Sales Company is an Ohio Corporation with its principal place of business at 1471 East 9 Mile Road, Hazel Park, MI 48030.

C.    Sam Haddad is doing business individually and as Capital Sales Company with a place of business at 1471 East 9 Mile Road, Hazel Park, MI 48030.

D.    Nader Enterprises, Inc. is an Ohio Corporation with its principal place of

business located at 530 S. Dock Street, Sharon, PA 16146.

  E. Rami Nader and Fadi Zaharn are doing business at 530 S. Dock Street, Sharon, PA 16146.

  F. Fadi Zaharn and Rami Nader are also doing business as J & D Enterprises, Inc., an Ohio Corporation, with its principal place of business at 530 S. Dock Street, Sharon, Pennsylvania 16146.

  G. Since 1974, BIC has been a market leader in the development, marketing, and sale of disposable lighters. BIC is the sole domestic manufacturer of disposable lighters. BIC has marketed and sold safe, reliable disposable lighters for more than 30 years.

  H. Since the early 1970s, BIC has adopted and continues to use as a trademark a distinctive three dimensional configuration for disposable lighters that it manufacturers and sells throughout the United States.

  I. BIC has worked extensively with the United States Consumer Product Safety Commission ("CPSC") in the development and implementation of a national standard for enhanced child-resistant disposable lighters. In the third quarter of 1985, BIC began a research and development program with the goal of improving the design of disposable lighters to further enhance child resistance. Since then, BIC has spent in excess of $32 million dollars in research and development, engineering, and the acquisition of intellectual property for enhanced child-resistant technology which has been incorporated into its disposable lighters sold in the United States.

  J. After the commencement of BIC's research and development program, BIC

came to the conclusion that there should be a mandatory industry standard for child safety and began working directly with the American Society for Testing and Materials ("ASTM"), its lighter subcommittee, and the CPSC to develop a child-resistant lighter standard.

K.      All lighters manufactured in and imported into the United States by BIC since a CPSC regulation became effective in 1994 have included enhanced child-resistant technology. BIC does not manufacture, import, or sell any disposable lighters in the United States that do not have enhanced child-resistant technology as required by U.S. law.

L.      By reason of more than 30 years of continuous and substantially exclusive use, as well as the expenditure of tens of millions of dollars in advertising and promotion (including the nationally famous "Flick your BIC" advertising campaign), BIC's registered lighter configuration has come to be famous and to be recognized and relied upon as identifying BIC's products as high-quality and technologically advanced. It distinguishes BIC's products from the products of others.

M.      BIC is the owner of U.S. Reg. No. 1,761,622, a trademark registration for the three-dimensional configuration of its lighter. BIC has engaged in the manufacture, sale, promotion, and distribution throughout the United States of disposable lighters using this three-dimensional configuration protected by this federally-registered trademark.

N.      The distinctive design and shape of BIC lighters is immediately identifiable and associated by the general public with BIC and thus has acquired secondary meaning.

O.  BIC has spent hundreds of millions of dollars and expended significant effort in advertising, promoting and marketing its lighters such that the lighters have become widely known and recognized throughout the world as unique and high quality products.

P.  The BIC lighter configuration and its trademark represent and symbolize vast and valuable goodwill belonging exclusively to BIC. The public recognizes and relies on the BIC trade dress and trademark as identifying BIC's goods and as distinguishing its products from those of others.

Q.  Subsequent to BIC's development and use of its three-dimensional configuration and its trademark, and without the consent of BIC, the Defendants CAPITAL SALES COMPANY, SAM HADDAD, NADER ENTERPRISES, INC., J & D ENTERPRISES, INC., RAMI NADER and FADI ZAHARN, Individually and doing business as J & D Enterprises, HUANQUI LIGHTERS MANUFACTURING CO. LTD., ASIAPAC DEVELOPMENT LTD., and ASIAPAC GROUP, imported, advertised, offered for sale, sold or distributed a lighter using the BIC Corporation configuration trademark and trade dress or confusingly similar versions. The Defendants imported, advertised, offered for sale, sold or otherwise placed into the stream of commerce certain lighters, including those designated "J & D" lighters, that knock off and misappropriate the trade dress and shape of BIC lighters and that infringe and dilute BIC's federally-registered trademark (the "infringing lighters").

R.  The Defendants have imported, advertised, distributed and sold in the United States infringing lighters that have a configuration that is identical to or

7

substantially indistinguishable from BIC's well known federally-registered lighter configuration trademark.

S. The Defendants had and have no authority to use BIC trademarks in the conduct of their businesses with respect to any products that are not bona-fide BIC products manufactured and distributed under the authority of BIC.

T. The Defendants' misappropriation of the BIC trademarks in conjunction with the importation, manufacture, advertisement, promotion, offering for sale and sale of certain products, including "J & D" lighters, constitutes a misappropriation of BIC's marks, trade dress and associated good will. It is likely to cause potential purchasers of those products as well as the public at large to believe that the Defendants' infringing lighters, including the J & D lighter products, are affiliated with, authorized by, sponsored by or endorsed by the BIC Corporation. This confusion creates a potential risk of damages to consumers because the J & D lighters do not contain child resistance and/or other safety measures that are found on all BIC lighters.

U. The infringing lighters imported, advertised, marketed, distributed and sold by the defendants violate federal law in that they lack a child safety mechanism.

V. The infringing lighters have an adjustable flame height feature that violates ASTM standards in that the flame height is unlimited and dangerous. The infringing lighters are unsafe because they lack a warning label in violation of ASTM Standards.

W. The Defendants' advertising, marketing, distributing and sale of infringing lighters is likely to cause confusion to cause mistake and to deceive as to the source,

origin or sponsorship of Defendants' products. Those actions are likely to cause consumers to think that the Defendants' lighters are manufactured, sponsored, licensed or approved by BIC. In addition, the Defendants' wrongful use of the BIC trademark or confusingly similar versions thereof, dilutes, tarnishes and whittles away the distinctiveness of the BIC Corporation trademark.

X. The infringing lighters are inferior to BIC's lighters in terms of safety, quality and durability. This inferiority imposes a danger to purchasers of the infringing lighters, especially those who purchased those lighters believing them to be the higher quality and more reliable BIC product. The infringing lighters do not contain any child-resistant features despite indications to the contrary on the boxes containing the infringing lighters and have no warnings affixed to any of them contrary to ASTM standards and CPSC requirements.

Y. This Court has previously ordered a seizure of a substantial number of the infringing "J&D" lighters that are currently located at the premises of Capital Sales Company, 1471 East 9 Mile Road, Hazel Park, MI.

Z. This Court has issued a Preliminary Injunction enjoining the Defendants from importing, marketing, distributing, selling, advertising and otherwise offering for sale the infringing lighters.

## CONCLUSIONS OF LAW

a. This Court has subject matter jurisdiction over BIC's claims in this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367 and 15 U.S.C. § 1121. The parties are of diverse citizenship and the amount in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs. This matter arises, in part, under the laws of the United States, specifically, the Federal Trademark Laws, that is, the Lanham Act.

     b.     This Court has personal jurisdiction over defendant Capital Sales Company because Capital Sales Company is located in Michigan and transacts business in Michigan. This Court has personal jurisdiction over defendant Sam Haddad because he is a citizen of the state of Michigan and resides in this judicial district. This Court has personal jurisdiction over defendants Nader Enterprises, Inc., Rami Nader and Fadi Zaharn individually and doing business as J & D Enterprises, Inc., and J&D Enterprises, Inc. because even though these defendants are located in the states of Ohio and Pennsylvania, they have transacted a significant, continuous, and systematic portion of their general business in the state of Michigan and have committed and threatened to commit trademark and trade dress infringement, dilution, unfair competition, and other torts in this judicial district.

     c.     Venue is proper in this district court pursuant 28 USC § 1391(a), (b) and (c). A substantial part of the events or omissions giving rise to this case occurred in this judicial district. A substantial part of the property that is the subject of this action, infringing lighters, is still situated in this judicial district.

     d.     All of the Defendants are otherwise subject to personal jurisdiction in this judicial district and have been properly served with a summons and a copy of a complaint or an amended complaint in this case.

     e.     BIC Corporation is the owner of a valid United States trademark, no.

1,761,622, registered March 30, 1993, the "BIC trademark" or the "BIC lighter trademark." This trademark states: "THE DRAWING SHOWS A LIGHTER HAVING AN OBLONG BODY WHICH IS ELLIPTICAL IN CROSS-SECTION; A FORK WHICH IS GENERALLY PARABOLIC IN CROSS-SECTION; AND A HOOD WHICH IS GENERALLY PARABOLIC IN CROSS-SECTION."

f.  The Defendants' activities in the importation, advertising, sale, offering for sale and distribution into the stream of commerce of infringing lighters, including J & D lighters, infringe and dilute the BIC trademark and trade dress in violation of the Lanham Act and constitute a false designation of origin of those lighters.

## TERMS OF FINAL JUDGMENT AND PERMANENT INJUNCTION

WHEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.  Defendants CAPITAL SALES COMPANY, SAM HADDAD, NADER ENTERPRISES, INC., RAMI NADER and FADI ZAHARN, Individually and doing business as J & D Enterprises, Inc., J & D ENTERPRISES, INC., HUANQUI LIGHTERS MANUFACTURING CO. LTD., ASIAPAC DEVELOPMENT LTD., and ASIAPAC GROUP, their owners, shareholders, officers, directors, employees and successors, and all persons acting in concert or in participation with any of them, are permanently enjoined from:

a. Importing, manufacturing, advertising, distributing, offering for sale or selling illegitimate or infringing lighters that use, display, incorporate or embody the inherently distinctive trade dress and shape of BIC Corporation lighters or that use any confusingly similar shape or trade dress;

b. Importing, manufacturing, advertising, distributing, offering for sale or selling illegitimate or infringing lighters that use, display, incorporate or embody BIC Corporation's federally-registered trademark in the three dimensional configuration or any confusingly similar variation thereof;

c. Importing, manufacturing, advertising, distributing, offering for sale or selling illegitimate or infringing lighters that use, display or incorporate, in any way, United States Trademark Registration No. 1,761,622 or any confusingly similar variation;

d. Using any other false designation or false description or representation or trade dress or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into believing that "J & D" lighters are related in any way to the BIC Corporation or its lighters;

e. Advertising, offering for sale, and/or selling J & D lighters that use, display, incorporate or embody the inherently distinctive trade dress and shape of BIC Corporation lighters or that use any confusingly similar shape or trade dress, or that use, display, incorporate or embody BIC Corporation's federally registered trademark in the three dimensional lighter configuration or any confusingly similar variation thereof on the internet or in any other manner or in any other medium;

f. Using the BIC trademark lighter shape or any other confusingly similar variation thereof, the BIC lighter trade dress and from doing any other act or thing which is likely to dilute the distinctive quality of the BIC trademark lighter, the BIC lighter trade dress or to tarnish or injure the reputation of the BIC brand.

g. Selling or filling any orders for illegitimate lighters that use or incorporate the BIC

trademark, that use the BIC trade dress, or that use or incorporate a shape or design that is confusingly similar to the trademark BIC lighter shape or design, including, but not limited to "J&D" lighters;

h. Transferring, consigning, selling, shipping or otherwise moving any products, goods, packaging or other materials in their possession, custody or control bearing a shape or design substantially identical to or confusingly similar to the BIC lighter trademark including any "J&D" lighters currently in their possession, except for certified destruction of those lighters pursuant to ¶ 2, below.

2. Defendants Capital Sales Company and its owners, shareholders, officers, directors, employees, and successors, and all persons acting in concert or in participation with any of them are ordered, within thirty (30) days after entry of this Final Judgment and Permanent Injunction to arrange and pay for the destruction of all infringing lighters in their possession or under their control, including all J&D lighters in their current possession previously segregated and secured by order of this Court, including all parts, portions and components of any such infringing lighters, along with all boxes, cartons, advertisements, and packaging materials. Any such destruction shall be in accordance with all applicable laws and regulations including any laws and regulations that apply to the movement, handling and destruction of hazardous materials. Any company or entity contacted or chosen for said destruction shall be fully authorized, certified and licensed, pursuant to law, to conduct any such activities.

3. The Capital Defendants are ordered to serve upon BIC Corporation's counsel within fourteen (14) days after the completion of any such destruction or

disposal of infringing lighters, as indicated above, a certificate or other certification from any such company destroying or disposing of any infringing lighters that any such destruction or disposal was accomplished pursuant to any and all applicable statutes and regulations concerning such products and substances along with an affidavit or report, in writing under oath, setting forth in detail the manner and form in which the Capital Defendants have complied with the provisions of ¶ 2, above.

4. BIC, the Capital Defendants and the J&D Defendants shall bear his, her, or its own attorneys' fees and costs.

5. The Capital Defendants shall purchase lighters from BIC as described in Exhibit A, which is attached to this judgment and incorporated in it.

6. The J&D Defendants shall purchase from BIC, lighters and related products in an amount of Ten thousand and No/100 Dollars ($10,000.00) every fiscal quarter or every three (3) months for the next two (2) years calculated from the date of entry of this Final Judgment and Permanent Injunction for a total purchase amount of Eighty Thousand and No/100 Dollars ($80,000.00). Such purchases will be priced at a commercially reasonable and competitive price and subject to the usual discounts and other promotional consideration that BIC provides to its best customers.

7. The Capital Defendants and the J&D Defendants are not liable to BIC for any money damages in this case, are hereby released from any such claims in this case, and any such claims for money damages against the Capital Defendants and the J&D Defendants in this case are dismissed with prejudice, with the exception of any claims or actions arising out of any subsequent violations of any of the terms of this

Final Judgment and Permanent Injunction including any terms involving the purchase of products described in ¶¶ 5 and 6, above. Any and all claims for money damages against any other defendants remain.

So ordered and adjudged.

_____
HON. PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Date: _____10-10-07_____

BIC CORPORATION, CAPITAL SALES COMPANY, SAM HADDAD, NADER ENTERPRISES, INC., J & D ENTERPRISES, INC., RAMI NADER AND FADI ZAHARN, INDIVIDUALLY AND DOING BUSINESS AS J & D ENTERPRISES, INC., BY THEIR ATTORNEYS, STIPULATE AND AGREE TO ENTRY OF THE ABOVE FINAL JUDGMENT AND PERMANENT INJUNCTION, WAIVE NOTICE AND HEARING ON ITS ENTRY AND ALSO STIPULATE AND AGREE THAT ANY SIGNATURES BELOW IN PDF, ELECTRONIC OR FACSIMILE FORM MAY BE CONSIDERED ORIGINAL SIGNATURES:


October 3, 2007          s/ Neal Atway
                         NEAL ATWAY
                         Attorney for Nader Enterprises, Inc.
                         Rami Nader, Fadi Zaharn, and J & D Enterprises, Inc.
                         19 East Front Street
                         Suite 1
                         Youngstown, OH 44503
                         (330) 743-6300


October 3, 2007          s/ Michael E. Jones
                         MICHAEL E. JONES
                         Attorneys for Zaharn, Nader and J & D
                         921 Howard Street, Suite One
                         Dearborn, MI 48124
                         (313) 724-8080
                         mjones@salehlegal.com
                         P67645


October 3, 2007          s/ Moheeb H. Murray
                         MOHEEB H. MURRAY
                         Attorney for Capital/Haddad
                         3001 W. Big Beaver Road
                         Suite 600
                         Troy, MI 48084
                         (248) 822-7800
                         murray@bskplaw.com
                         P63893

| | |
|---|---|
| October 3, 2007 | s/ Thomas M. Peters<br>THOMAS M. PETERS<br>Vandeveer Garzia, P.C.<br>Attorneys for the Plaintiff<br>1450 W. Long Lake Road, Suite 100<br>Troy, Michigan  48098<br>(248) 312-2800<br>tpeters@VGpcLAW.com<br>P23217 |

v:\jkt\BIC\Final Judgment\Final Judgment and Permanent Injunction - Final

# EXHIBIT A

## AGREEMENT FOR PURCHASE AND SALE OF LIGHTERS BETWEEN THE CAPITAL DEFENDANTS AND BIC

ATTACHMENT TO FINAL JUDGMENT AND PERMANENT INJUNCTION IN BIC CORPORATION, PLAINTIFF -VS- CAPITAL SALES COMPANY, ET AL, DEFENDANTS, CASE NO. 2:06-cv-10267

---

As part of a settlement and a Final Judgment and Permanent Injunction in the case of BIC CORPORATION, PLAINTIFF -VS- CAPITAL SALES COMPANY, ET AL, DEFENDANTS, CASE NO. 2:06-cv-10267, ("the case") BIC Corporation and BIC USA INC. (collectively, "BIC") and the "Capital Defendants" (as identified and described in the Final Judgment and Permanent Injunction in the case) agree as follows:

1. <u>The Capital Defendants Will Purchase a Specific Amount of Lighters from BIC</u>

The Capital Defendants must purchase a minimum of One Million U. S. Dollars ($1,000,000.00 U. S.) worth of BIC lighters, from BIC, by wire transferring that amount of money within ten (10) business days after the entry of the Final Judgment and Permanent Injunction in the case. This minimum amount is a net amount calculated after applying all of the discounts, allowances and payments described in this agreement.

2. <u>Description of Lighter Purchases and Sales</u>

The lighters that the Capital Defendants will purchase from BIC, pursuant to this agreement, are the following:

a. 200 cases of the BIC "4 tier" display;

b. 200 cases of the BIC "3 tier" display:

c. 850 cases of the BIC J-26, full-size lighters, in the "50+8 free" configuration;

d. 478 cases of the BIC J-25, small lighters, in the "50 count" configuration;

e. 70 cases of BIC Nascar lighters;

f. 20 cases of BIC case lighters;

g. 4200 cases of BIC J-26, full-size lighters, in the 50 count per tray configuration.

3. <u>Additional Terms Relating to Purchase and Sale of Lighters</u>

a. All purchases and sales of lighters, pursuant to this agreement, shall be made through Henry Wooten with BIC Consumer Products USA or an otherwise designated representative of BIC;

b. The Capital Defendants cannot advertise or sell 50 count trays of BIC J-26, full-size lighters, purchased pursuant to this agreement, below $28.00 per tray.

c. The Capital Defendants cannot advertise or sell 50 count trays of BIC J-25, small lighters, purchased pursuant to this agreement, below $21.50 per tray.

d. The Capital Defendants cannot export any lighters, purchased pursuant to this agreement, to Canada.

e. In addition to any normal invoice allowance discount, and as an additional discount, BIC agrees that it will deduct $1.50 from the regular invoice price of each tray of the BIC J-26, full-size, 50 count per tray lighters, purchased pursuant to this agreement. In addition, it will pay to the Capital Defendants $0.50 per tray of such lighters. Any such payment will be made through the sales person's business development funds.

f. In addition to any normal invoice allowance discount, and as an additional discount, BIC agrees that it will deduct $1.00 from the regular invoice price of each tray of the BIC J-25, small size, 50 count lighters, purchased pursuant to this agreement. In addition, it will pay to the Capital Defendants $0.50 per tray of such lighters. Any such payment will be made through the sales person's business development funds.

g. BIC will commence shipping the lighters, purchased pursuant to this agreement, upon receipt of the funds to be wire transferred, described in ¶ 1, above. All shipments of lighters purchased pursuant to this agreement will take place during the month of October 2007.

h. Final pricing, with respect to this purchase, is described on separate documents.

2

CAPITAL SALES COMPANY

By: _____
      SAM HADDAD

Its: _____

Date: _____


BIC CORPORATION
BIC USA INC.

By: _____

Its: _____

Date: _____

3